IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TERRY WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 12-2633 SHM-dkv |
| ) | |
| SHELBY COUNTY, TENNESSEE; ) | **JURY DEMANDED** |
| CORRECT CARE SOLUTIONS, LLC; ) | |
| JAMES COLEMAN, and ) | |
| RAMIKA JONES, ) | |
| ) | |
| Defendants. ) | |

MOTION OF SHELBY COUNTY AND JAMES COLEMAN TO DISMISS
AND MEMORANDUM IN SUPPORT THEREOF

Come now Defendants Shelby County, Tennessee and James Coleman, by and through counsel, pursuant to Rule 12 of the Federal Rules of Civil Procedure, and respectfully move this Court to dismiss the Complaint for failure to state a claim upon which relief may be granted. Defendants would show to the Court as follows:

1. Claims against Defendant Coleman in his official capacity are claims against Shelby County and should be dismissed.

2. No claim has been stated as to the 42 U.S.C. § 1983 claims.

3. The Eighth and not the Fourteenth Amendment governs claims brought by convicted prisoners and the Fourteenth Amendment claims should be dismissed.

4. There is no cause of action for Tennessee Constitutional claims.

5. There is no private cause of action for violation of T.C.A. § 41-21-201 or

T.C.A. § 41-21-201 et seq.

6. No claim has been stated as to the Tennessee Governmental Tort Liability Act ("TGTLA" hereinafter) claims.

9. Shelby County is immune from the TGTLA claims.

10. Defendant Coleman is immune from TGTLA claims where immunity against the government has been lifted.

11. The TGTLA limits the amount of damages and any demand in excess of that amount should be dismissed.

12. The statute of limitations bars all claims occurring before June 7, 2012.

13. Punitive damages cannot be recovered against Shelby County.

14. There are no claims against Defendant Coleman that give rise to a claim for punitive damages.

## MEMORANDUM

### Procedural History

This case was filed on June 7, 2012 in the Circuit Court of Shelby County for the Thirtieth Judicial District at Memphis, Docket No.: CT-002511-12. On July 16, 2012, it was timely removed to this Court. (DE 1, Notice of Removal).

### Facts

#### Plaintiff's Allegations:

The Plaintiff has alleged that on May 31, 2011, he began serving a sentence at the Shelby County Correctional Center ("SCCC" hereinafter). (DE 1-2, Complaint, ¶¶ 12, 13).

An examination revealed that his blood pressure was 220/130 and that he

2

allegedly suffered from malignant hypertension. (DE 1-2, Complaint, ¶13). Shelby County's inmate medical provider at SCCC was Correct Care Solutions, LLC ("CCS" hereinafter).

These Defendants will not address the claims against CCS or nurse Ramika Jones.

The Plaintiff has alleged that he told "prison officials" that he suffered from hypertension symptoms and that "defendants" failed and/or refused to provide him with access to necessary medical care and/or to dispense necessary medications. (DE 1-2, Complaint, ¶ 16).

The Plaintiff alleged that he fell off his bunk on June 8, 2011 and was found by "prison officials" to be unable to move his left arm or leg and his blood pressure was 210/140. (DE 1-2, Complaint, ¶¶ 17). The Plaintiff was transported to Baptist Memorial Hospital where his blood pressure was 281/161. (DE 1-2, Complaint, ¶ 18). The Plaintiff was transferred to the Regional Medical Center on June 17, 2011 for further treatment and rehabilitative services. (DE 1-2, Complaint, ¶¶ 19).

The Plaintiff has alleged that Shelby County violated his Eighth and/or Fourteenth Amendment rights to medical care. (DE 1-2, Complaint, Count I).

He has alleged that "the Defendants" violated his Tennessee Constitutional rights. (DE 1-2, Complaint, Count II). He has further alleged that "the Defendants" violated T.C.A. §§ 41-21-201 and 204. (DE 1-2, Complaint, Count III). He has alleged that "the Defendants" committed the torts of intentional infliction of emotional distress, negligence, and negligent infliction of emotional distress. (DE 1-2, Complaint, Count IV, V, and VI).

Finally, the Plaintiff seeks punitive damages against "the Defendants." (DE 1-2,

3

Complaint, Count VII).

## Law and Argument

### Rule 12 (b) (6) of the Federal Rules of Civil Procedure:

The object of a Rule 12 (b) (6) motion is to test the sufficiency of the pleading. Davis H. Elliot Co. v. Caribbean Utilities Co., 513 F.2d 1176 (6th Cir. 1975). "A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." Golden v. City of Columbus, 404 F.3d 950, 958-59 (6th Cir. 2005).

A complaint that suggests "the mere possibility of misconduct" is insufficient; rather, the complaint must state "a plausible claim for relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S 544, 556 (2007)).

The factual allegations must "raise a right to relief about the speculative level" even assuming that all allegations in the complaint are true. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). If, however, the allegations do not raise a claim of entitlement to relief the United States Supreme Court held that the "basic deficiency" should be exposed as soon as possible, avoiding the expenditure of time and money. Id., at 558. Flanory v. Bonn, 604 F.3d 249, 252-253 (6th Cir. 2010).

The creation of "speculation or suspicion of a legally cognizable cause of action" is insufficient; there must be a showing of "entitlement to relief." Lambert v. Hartman, 517 F.3d 433, 439 (6th Cir. 2008), citing League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original).

It is not sufficient to couch a legal conclusion as a factual allegation since such pleadings "need not be accepted as true on a motion to dismiss, nor are recitations of the

4

elements of a cause of action sufficient." Fritz v. Charter Twp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010), citing Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 609 (6th Cir.2009) (quoting Bell Atlantic Corp. vs. Twombly, 550 U.S. 544, 555 (2007)); *see also* Delay v. Rosenthal Collins Group, LLC, 585 F.3d 1003, 1005-06 (6th Cir. 2009).

The Supreme Court in Iqbal held that the district court must "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of

truth." Iqbal, at 1950.

## All Claims:

### Statute of Limitations:

Tennessee's statute of limitations is one (1) year for personal injuries and federal civil rights claims. T.C.A. § 28-3-104 (a) (1), (3). Since §1983 does not have its own statute of limitations, it relies on that of the State in which the incident occurred. Merriweather v. City of Memphis, 107 F.3d 396 (6th Cir. 1997); Jackson v. Richards Medical Co., 961 F.2d 575 (6th Cir. 1992); Doe v. Sullivan County, 956 F.2d 545 (6th Cir. 1992).

The Plaintiff filed suit on June 7, 2012. (DE 1-2, Complaint). His complaint concerns the medical diagnosis and treatment he received from the time of his admission at the SCCC on May 31, 2011 through his fall and transport to a hospital on June 8, 2012. (DE 1-2, Complaint, ¶¶ 13-17).

The Defendants submit that any claims pertaining to the events of May 31, 2011 through June 6, 2011 are barred by the statute of limitations.

**Punitive Damages:**

Shelby County is not liable for punitive damages. Punitive damages are not allowable as a matter of law against municipalities. City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981); Tipton County Board of Education v. Dennis, 561 S.W.2d 148 (Tenn. 1978); T.C.A. § 29-20-310 (b) Johnson v. Smith, 621 S.W.2d 570 (Tenn. Ct. App. 1981).

The Plaintiff's claim for punitive damages against Shelby County should be dismissed.

**Federal Claims:**

The Plaintiff alleges that Shelby County violated his 42 U.S.C. § 1983 right to medical care through its failure to train, supervise, fund CCS, an alleged policy of exonerating employees, agents and/or contractors of wrongdoing/misconduct, and that the alleged "pattern practice, custom and policy" was the motivating force behind the alleged violation of his rights. (DE 1-2, Complaint, Count I, ¶¶ 38 (a), (b), (c), (d); 40). That Count also pleads in the alternative that Shelby County is liable pursuant to respondeat superior. (DE 1-2, Complaint, Count I, ¶ 39). Respondeat superior is not a basis for imposing civil rights liability on a local government. Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Connick v. Thompson, 131 S.Ct. 1350, 1358-59, 179 L.Ed.2d 417 (2011).

For the reasons set forth above and below, Shelby County submits that the Plaintiff has failed to state a claim upon which relief may be granted.

**Official Capacity Claim against James Coleman:**

The claims in the suit against Mr. Coleman are in his official capacity; there are

6

no allegations of any action he took in a personal or individual capacity. Suits against individuals in their official capacities are suits against the governmental entity. Smith v. Leis, 407 Fed.Appx. 918, 927-928 (6th Cir. 2011), relying on Alkire v. Irving, 330 F.3d 802, 810 (6th Cir.2003); Kentucky v. Graham, 473 U.S. 159, 165 (1985); Monell v. Dep't of Soc. Servs. New York City, 436 U.S. 658, 690 n. 55 (1978). The Smith v. Leis case held that, "As long as the governmental entity receives notice and an opportunity to respond, an official-capacity suit 'imposes liability on the entity that he represents.'" Id., at 928, citing Brandon v. Holt, 469 U.S. 464 (1985).

The claims against Mr. Coleman should be dismissed since Shelby County is already a party.

### Fourteenth Amendment not Applicable:

The Eighth Amendment, not the Fourteenth Amendment, applies to post-conviction inmates, such as the Plaintiff. Ford v. Cnty. of Grand Traverse, 535 F.3d 483, 495 (6th Cir. 2008). The Fourteenth Amendment claim should be dismissed.

### Negligence:

To the extent the Plaintiff has asserted negligence as part of his federal civil rights claim, such a claim is not allowed. Daniels v. Williams, 474 U.S. 327, 330 (1986); Davidson v. Cannon, 474 U.S. 344 (1986).

### State Claims:

### Tennessee Constitutional Claims:

Tennessee does not recognize a private right of action for violations of the Tennessee Constitution. Pinnix v. Pollock, 338 F.Supp.2d 885, 891 (W.D. Tenn. 2004), citing Bowden Bldg. Corp. v. Tennessee Real Estate Comm'n, 15 S.W.3d 434, 444-45

7

(Tenn.Ct.App.1999); Lee v. Ladd, 834 S.W.2d 323, 324-25 (Tenn. Ct. App. 1992); Cline v. Rogers, 87 F.3d 176, 179-80 (6th Cir.1996); Alexander v. Beale Street Blues Co., 108 F.Supp.2d 934, 945 (W.D.Tenn.1999). 42 U.S.C. § 1983 provides protection only for the violation of federal rights. Washington v. Starke, 855 F.2d 346 (6th Cir. 1988); Huron Valley Hospital, Inc. v. City of Pontiac, 887 F.2d 710 (6th Cir. 1989).

The Defendants submit that these claims should be dismissed.

**TGTLA:**

The Plaintiff's State tort claims against Shelby County involve negligence and the negligent infliction of emotional distress and are based on the same conduct alleged in connection with his civil rights claims.

The TGTLA provides that governments are immune from suit for claims of employee negligence arising from "civil rights" as well as emotional distress. T. C. A. § 29-20-205 (2). The Sixth Circuit Court of Appeals addressed this issue in 2010:

> The district court found that "[a]ll of Plaintiff's claims against the City as an employer are in essence claims for violation of Johnson's constitutional rights." The district court found that the claim fell under the "civil rights" exception, and that the City is therefore immune under the TGTLA. This is consistent with the results reached by the majority of district courts addressing this question…
>
> Plaintiff's claim regarding the dispatcher's negligence arises out of the same circumstances giving rise to her civil rights claim under § 1983. It therefore falls within the exception listed in § 29-20-205, and the City retains its immunity…
>
> Because the plain language of the TGTLA preserves immunity for suits claiming negligent injuries arising from civil rights violations, we find that the district court did not err in denying Plaintiff's motion to amend and reinstate her state law claim. Because we decide this issue under the TGTLA, we need not address the related abandonment, waiver, or statute of limitations arguments.

Johnson v. City of Memphis, 617 F.3d 864, 872 (6th Cir. 2010), cert. denied, 131 S.Ct. 1478 (2011).

Governments also have immunity for claims arising from the intentional infliction of emotional distress. Sallee v. Barrett, 171 S.W.3d 822 (Tenn. 2005).

Finally, the TGTLA must be strictly construed. In Gentry v. Cookeville General Hospital, 734 S.W.2d 337, 339 (Tenn. Ct. App. 1987), the Court stated:

> A complaint against a governmental entity for tort must overtly allege that the tort was committed by an employee or employees of the governmental entity within the scope of his or their employment. A complaint that does not so state does not state a claim for which relief can be granted because the action is not alleged to be within the class of cases excepted by the statute from governmental immunity.

Id. See also, Lockhart v. Jackson-Madison County General Hospital, 793 S.W.2d 943 (Tenn. Ct. App. 1993). The Complaint sets forth no specific negligent act by any Shelby County employee. Shelby County submits that it is immune from these TGTLA claims.

To the extent Director Coleman is sued as an employee, he is immune for acts of negligence, including the negligent infliction of emotional distress. T. C. A. § 29-20-205.

### State Statutes governing Inmates :

The Plaintiff has alleged violations of T.C.A. §§ 41-21-201 and 41-21-204. Those statutes govern State prisoners and set forth the duties of "wardens" to provide medical care. It is submitted that these statutes, like the Tennessee Constitution, do not provide for a private cause of action for any individual Plaintiff. Grubbs v. Bradley, 552 F. Supp. 1052, 1125 (M.D. Tenn. 1982) discussed such statutes in an action brought by inmates for violation of their Eighth Amendment rights as well as the predecessor State statutes governing inmates' rehabilitation, classification, and counselors' caseloads:

> However, the court is not convinced that these statutes were intended to create legally enforceable rights. Rather, they appear to leave to TDOC discretion the implementation and programming details necessary to achieve the legislative purpose. Furthermore, to whatever extent the statutes create an interest entitled to federal due process protection, due process is satisfied by the administration of the required programs by TDOC within the broad parameters of the statutory

9

guidelines. While the evidence in this case does reveal that some of the goals of the statutes are not being fully achieved, it does not reveal the kind of total disregard of the legislative will that would be required to establish a due process violation, even if a protected liberty interest were found.

Id.

The Defendants submit that the claims brought pursuant to these statutes should be dismissed.

## CONCLUSION

In view of the foregoing, the Defendants submit that this Motion to Dismiss or should be granted.

Respectfully submitted,

/s/ DEBRA L. FESSENDEN #011818
Assistant County Attorney
201 Poplar Avenue, Room 9-15
Memphis, TN 38103
Tel: 901.222.2116
Fax: 901.222.5657
Debra.Fessenden@shelbycountytn.gov

/s/ HENRY L. KLEIN #8856
Apperson, Crump & Maxwell, PLC
6070 Poplar Avenue, suite 600
Memphis, Tennessee 38119
Tel: 901.756.6300
Fax: 901.757.1296
HKlein@appersoncrump.com

/s/ PABLO ADRIAN VARELA #029436
Assistant County Attorney
160 North Main Street, Suite 660
Memphis, Tennessee 38103
Tel: 901.222.2100
Fax: 901.222.2105
Pablo.Varela@shelbycountytn.gov

## CERTIFICATE OF SERVICE

I, Henry L. Klein, do hereby certify that a copy of the foregoing was electronically served on Mr. W. Bryan Smith, Attorney for Plaintiff, 2600 One Commerce Square, Memphis, Tennessee 38103 on this the 23rd day of August, 2012.

/s/ HENRY L. KLEIN

L:\APPS\CNTYLAW\WPDOCS\D009\P007\00101550.DOC\\L6402-12